ROANE, Judge.
The decision of this case turns upon the power of the attorney to bind the appellant, by the agreement stated in the bill of exceptions.
*421 It states, that a declaration, in ejectment, was served upon all the tenants in possession; that, in April, 1783, Herbert and Little were made defendants on their motion; and that, in October, 1783, the tenants were made defendants, with consent of the plaintiff, in the room of Little and Herbert.
This last order, is not stated to have been made on the motion of the tenants; but, however the case may stand, as to the liability of the defendants, who are made so, without their own application, this order clearly discharged the appellant as a defendant.
The tenants in possession are the proper, if not the natural defendants to an ejectment; although the landlord has a right to be made a defendant, through fear that he may be injured, by a combination between the plaintiff and his tenant; but he may waive this right, of having asserted it, he may relinquish it by consent to the plaintiff.
The question then is, whether after the order of October, 1783, the attorney was the appellant’s attorney, so as to subject him to costs of the suit ? And I presume he was not. He was the attorney of the then defendants. The direct end of his functions, as such, was to finish the suit, between the real parties to it; and it was certainly collateral to that end, to bring in another person as a defendant; and subject him to costs who had been discharged by consent of the plaintiff.
The authorities cited by the appellant’s counsel, shew, that the powers of an attorney do not extend to this collateral matter.
The bill of exceptions states, that the appellant employed Mr. Randolph, and paid the costs of the tenants; but this is the mere common case of one man, (perhaps ultimately interested,) defending a suit in behalf of another: His acting, however, being merely voluntary; and the attorney employed by him, being the attorney of the party to the suit, and not his attorney.
It is stated, in the bill of exceptions, that the defendants had moved away before the trial; but it is not stated, that this removal had taken place before the agreement, made by the attorney. So that it may be, that the appellant, who had been discharged by consent of the plaintiff, was again subjected as defendant; when the real defendants were on the premises, and responsible persons.
Upon the whole c'ase, although perhaps justice would be promoted and circuity of action avoided by holding the *422 appellant liable, yet it cannot be done without infringing the principles of law, and establishing a dangerous precedent. Therefore, I think the judgment ought to be reversed.
FLEMING, Judge. If the agreement was binding at all, the plaintiff should have had his judgment so entered up, and not have put the appellant, unnecessarily to the costs, of another suit about it. But, it certainly would be an extremely dangerous principle to lay down, that the agreement of an attorney, in a suit between other persons, should bind a man not before the Court, without his consent or knowledge. I cannot bring my mind to assent to such a proposition. Besides, it appears to me, that the .plaintiff, by taking his judgment against the tenants, and pursuing them with an execution, waived the benefit of the promise, if it ever was binding upon the defendant. Upon the whole, I think the judgment is erroneous, and ought to be reversed.
CARRINGTON, Judge. Concurred, that the judgment ought to be reversed.
LYONS, Judge. It is extremely probable, that the attorney was authorised by the defendant to make the agreement; but as no such authority specially appears of record, the question is, whether the agreement binds the defendant, who was no party to the suit ?
An attorney at law only represents the plaintiff or defendant in Court, to do such acts as the plaintiff or defendant, if in Court, might do himself; but he has no right to enter into private or executory contracts. Such a dangerous power ought not to be implied; especially against a stranger to the suit, who had no occasion for an attorney to represent him in it. For if so, he might subject any person he pleased, (although such person was no party to the suit) to payment of the debt, damages and costs: Which would be intolerable. I am therefore of opinion, that the direction given by the District Judge, was wrong; and consequently that the judgment ought to be reversed, and a new trial awarded.
PENDLETON, President. It appears by the record, that the Judge directed the jury, on the motion of the plaintiff, that Mr. Randolph’s agreement was binding on *423 his client Herbert, as being within the line of his duty, to enable the parties interested in the title to have a fair trial; although it was proved that Herbert was not present at the time, and it was not proved that he ever, verbally or by writing, authorised Mr. Randolph to enter into such engagement.
And the question is, whether this was a misdirection ?
For although I am satisfied, that the jury might fairly have presumed Herbert’s consent either previous or subsequent, yet, since they might have been influenced by the direction, if that was wrong, there should be a new trial.
To come to the real question, it is necessary to establish some positions, which appear to me to have influence.
1. That although in ejectments, tenants are made defendants, and in subsequent suits for mesne profits are, in some instances, considered as defendants, yet the landlord, ■whose title is controverted, is in fact the real and essential party; and ought injustice to pay the costs of the contest, if they fail.
2. Ejectments, although possessory actions, are used to try titles; and being compounded of fiction, the proceedings are more under the power of the Court than ordinary cases; and that they may, pending the suit, judge of the admission, or change of defendants, as may appear necessary to justice, and a fair trial; that, but for this agreement, Alexander might, in 1786, have moved that Herbert should be restored as defendant, shewing that he was deceived into a consent to change him.
This answers the objection for want of consideration; since, although the promise might not import gain to the promissor; yet, if the other was induced by it, to waive any advantage, he might have had, it is a good consideration.
3. That the agreement was not unjust or unreasonable. It was Herbert’s title that was to be controverted; and the expense should in justice fall upon him. He employs Mr. Randolph to defend the suit, is entered as defendant, and although others were afterwards entered, (probably without their consent, for it is proved they complained of it,) yet it appears that he continued to act as the real defendant by paying their costs throughout; although the cause was not tried till 1793, seven years after this'agreement: circumstances of important consideration, in this liberal action on the ease.
It is asked, why the judgment was not entered against the defendant?
*424 I can assign the reason;—It might proceed from inattention; or from a confidence in the honor of the defendant; which might induce the plaintiff to suppose that it was unnecessary.- However, that it was not done, is the breach, which the plaintiff complains of.
The defendant was not present, and no special power appears to have been given to Mr. Randolph to make the agreement: which comes to the question, whether it is binding on the defendant, as a client under his general authority?
When a man employs an attorney to defend a suit, he confides to him a power to judge of, and pursue the modes of defence throughout, and is bound by what the attorney does in the progress of that suit, so as it be confined to fair proceedings and not foreign to the defence of the suit; thus the attorney’s consent to stand to an arbitration, will bind his client. 1 Bac. Abr. 292. Gwil. ed.
To the pi’esent point, a case is there cited from Salk. 86, [Latuch v. Pasherante,] which seems to apply.
In that case, the attorney agreed to waive a judgment obtained by his client, for want of the defendant’s joining issue, on a replication to the plea of the statute of limitations, and to accept the issue. On a motion to compel him to accept it, it was opposed, because the plea was a hard one; and the client having notice of the advantage, ordered the attorney to insist upon it. The Court said, as it was a hard plea, they would not have compelled him, if he had not consented to waive the advantage, but now they would hold him to his consent: and as for the client, he was bound by the consent of his attorney, and they could take no notice of him. .
Here the attorney waived, in effect, the change of others as defendants, and agreed to restore Herbert his only client, and the real person interested, to his original liability.
All which was fair, and within his power, as attorney. Therefore, I think the judgment should be affirmed. But, as a majority of the Court are of a different opinion, it must be reversed with costs.
The judgment was as follows:
“ The Court is of opinion, that the said judgment is erroneous in this, that the said Court misdirected the jury, respecting the writing in the bill of exceptions stated to *425 have been signed by Edmund Randolph.* Therefore, it is considered that the same be reversed, &c, And it is ordered, that the juror’s verdict he set aside, and that a new trial be had in the cause.”

[* See Holker v. Parker, 7 Cranch, 452; Buckland v. Conway, 16 Mass. R. 396,]